UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CHRISTOPHER JANES KIMBERLEY,

      Plaintiff,

  -v-                                                                 No. 17-CV-5107-LTS-KHP

PENGUIN RANDOM HOUSE, CHELSEA
CLINTON, and JENNIFER LOJA,

      Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

      Plaintiff Christopher Janes Kimberley ("Plaintiff") brings this action pro se against Defendants Penguin Random House, Chelsea Clinton, and Jennifer Loja ("Defendants") asserting a claim of copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"). Plaintiff filed the operative Amended Complaint on July 21, 2017. (Docket entry no. 3 (the "AC").) Defendants now move to dismiss the AC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket entry no. 11 (the "MTD").) Plaintiff has also moved pursuant to Federal Rule of Civil Procedure 12(f)(2) to strike defendants' reply brief. (Docket entry no. 23 (the "MTS").) The Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

      The Court has considered the parties' submissions carefully and, for the following reasons, grants Defendants' motion to dismiss the AC and denies Plaintiff's motion to strike the reply brief.

BACKGROUND

The following recitation of relevant facts is derived from the allegations in the AC, which are taken as true for the purposes of this motion practice, and from the works at issue, which the court may consider as "documents attached to the complaint as an exhibit or incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Plaintiff is the author of an "all-ages, three-volume illustrated children's book," A Heart is the Part That Makes Boys and Girls Smart ("A Heart is the Part") (AC ¶ 7), which he registered with the United States Copyright Office in 2013. (Id. ¶ 7, Ex. E.) Volume Three of A Heart is the Part includes a "Quotable Questionnaire," featuring 16 quotes from famous historical figures (15 of whom are women) and a reference section containing the "Sources of the Quotable Questionnaire," listing the sources of the selected quotations. (Id. ¶ 14.) The Quotable Questionnaire and the sources appear in plain text on a white page with no other illustrations or detail. (Id. Ex. B.) However, illustrations appear elsewhere in the book. (Id. Ex. G.)

Defendant Chelsea Clinton is the author of She Persisted: 13 American Women Who Changed the World ("She Persisted") (docket entry no. 13), which was released by publishing company Penguin Random House on May 13, 2018. She Persisted is a twenty-nine-page illustrated children's book that provides "short biographies of thirteen historical female figures." (MTD at 1.) Each selected figure is featured over a two-page spread, which contains a paragraph of biographical information, a colorful illustration of each woman performing an act for which she is remembered, and a quotation attributed to her. Three of the historical figures included in Plaintiff's Quotable Questionnaire (Harriet Tubman, Helen Keller, and Nellie Bly) also appear among the 13 women featured in She Persisted. (AC ¶ 14, 16.) The quotation

attributed to Bly ("I have never written a word that did not come from my heart. I never shall.") is the same in both works, whereas the quotations attributed to Tubman and Keller differ. The cover of Clinton's book features illustrations of three young girls of different races with different objects in their hands that are, according to Defendants, meant to symbolize their dreams for the future. (MTD at 4.)

Plaintiff asserts that She Persisted amounts to an "unauthorized reproduction" of his work and alleges willful infringement on the part of the Defendants. (AC ¶ 16.) Plaintiff alleges that he submitted, via Facebook Messenger, excerpts from A Heart is the Part to Penguin Young Readers U.S. President Jennifer Loja on May 27 and June 8, 2013. (Id. ¶ 15.) Defendants "vigorously deny" that they had prior access to the manuscript (MTD at 6 n.5), but invite the Court to assume access arguendo for the purposes of the motion to dismiss, which focuses on the question of substantial similarity (id. at 6).

## DISCUSSION

The pleadings drafted by a pro se litigant, such as the Plaintiff, are held to less stringent standards than those prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994); Green v. United States, 260 F.3d 78, 83 (2d Cir.2001). In reviewing the Plaintiff's Amended Complaint and motion to strike, the Court has applied the foregoing standards.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A proper complaint cannot simply recite legal conclusions or bare elements of a cause

of action; it must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court "need not[, however,] accord legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotations omitted).

Copyright Infringement Claim

"To prove infringement, a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Hamil America Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999) (internal quotation marks omitted).

Because Defendants have conceded access arguendo for the purposes of this motion,[1] the Court will limit its determination to whether Plaintiff has adequately alleged that a substantial similarity exists between A Heart is the Part and She Persisted. See Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 63 (2d Cir. 2010). The Second Circuit has given guidance on when a copyright infringement claim can be decided on a motion to dismiss. If the court considers the complaint and the works themselves and determines that "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or . . . no reasonable jury, properly instructed, could find that the two works are

---

[1] Ample case law in this circuit recognizes that defendants may properly concede access for the purpose of narrowing the issues to focus on the critical question of substantial similarity on a motion to dismiss or a motion for summary judgment. See, e.g., Walker, 784 F.2d at 47 ("Defendants conceded for the purpose of their motion that Gould had had access to Walker's manuscript, but argued that the book and the film were so different that no reasonable trier of fact could find them substantially similar under the copyright laws.").

substantially similar," the court may dismiss the complaint for failure to state a claim for copyright infringement. Id. (quoting Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)). When the works at issue are before the court, as is the case here, a court may properly make this determination as a matter of law, prior to any discovery, because "what is required is only a . . . comparison of the works." Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 766 (2d Cir. 1991).

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." Peter F. Gaito, 902 F.3d at 66 (quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001)) (internal quotation marks and modifications omitted). This test looks to substantial similarity of protectable elements under copyright law, as well as to the total look and feel of both works. See Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002-03 (2d Cir. 1995). While the "average lay observer" is usually presumed to be the "ordinary observer" in the context of this test, id. at 1002, in cases that involve copyrighted works with "both protectable and unprotectable elements," this inquiry must be "more discerning." Peter F. Gaito, 602 F.3d at 66 (quoting Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994)). In such cases, the court "must attempt to extract the unprotectable elements from [its] consideration and ask whether the protectable elements, standing alone, are substantially similar." Knitwaves, Inc., 71 F.3d at 1002 (emphasis omitted). "[S]imilarities between the unprotectable elements in the disputed works may not contribute to a determination of substantial similarity." Sheldon Abend Revocable Trust v. Spielberg, 748 F. Supp. 2d 200, 204 (S.D.N.Y. 2010).

Several of the content categories that are not protectable under copyright law are

of particular relevance to this case. As the Second Circuit has repeatedly recognized, "[i]t is an axiom of copyright law that the protection granted a copyrightable work extends only to the particular expression of an idea and never to the idea itself." Reyher v. Children's Television Workshop, 533 F.2d 87, 90 (2d Cir. 1976). See also 17 U.S.C. § 102(b). References to historical figures and events are not protectable elements, as "no claim of copyright protection can arise from the fact that plaintiff has written about such historical and factual items." See Brown v. Perdue, 2005 WL 1863673, at *7 (S.D.N.Y. 2005), aff'd, 177 F. App'x 121 (2d Cir. 2006) (internal citations and alterations omitted). Nor is "verbatim reproduction of the statements of quotations of others" entitled to copyright protection. Hearn v. Meyer, 664 F. Supp. 832, 845 (S.D.N.Y. 1987); see also Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 544 (1985) (citing "historical facts, memoranda and other public documents, and quoted remarks of third parties" as examples of "uncopyrightable material").

The substantial similarity analysis is to be "guided by comparing the 'total concept and feel' of the contested works." Boisson, 273 F. 3d at 272 (citing Knitwaves, 71 F. 3d at 1003); see, e.g., Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 748 (2d Cir. 1998) (focusing "on the overall manner in which Streetwise selected, coordinated, and arranged the expressive elements in its map, including color, to depict the map's factual content," the court was left with "sufficiently different impressions" and found no substantial similarity); Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (in evaluating alleged infringement of a literary work including both copyrightable and noncopyrightable elements, the court "examine[s] the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace, and setting of the [two works]"). The total concept and feel inquiry is particularly appropriate where the works being compared, such as children's books, are less complex than the average

literary work. Reyher, 533 F.2d at 91.

Applying these standards, the Court finds, as a matter of law, that She Persisted is not substantially similar to A Heart is the Part. The direct similarities which the Plaintiff highlights, notably that three of the historical figures in She Persisted, also appear in A Heart is the Part and that the quotation attributed to Nellie Bly is identical in both works, pertain to elements that are not protected by copyright law. The Plaintiff has a valid copyright in neither the historical figures themselves nor in the quotations attributed to them. In fact, his Certificate of Registration issued by the Copyright Office makes a specific note of the latter limitation. (AC Ex. E.)[2]

Plaintiff's copyright in his work does not extend to the idea of basing a children's book upon historical figures and quotations attributed to them, but rather only to his expression of that idea. See Peter F. Gaito, 602 F.3d at 68 (noting that the idea/expression distinction is essential so as to not "directly contravene the underlying goal of copyright to 'encourage[ ] others to build freely upon the ideas and information conveyed by a work'" (quoting Feist v. Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 350 (1991))). As such, the fact that that 15 of the 16 quotations in A Heart is the Part are attributable to women, as are all of the 13 quotations in She Persisted, will not support a finding of substantial similarity under copyright law. To the extent that Plaintiff argues that Defendants have infringed his selection of otherwise unprotectable material, he has failed to demonstrate substantial similarity in such selection. See, e.g., Cantor v. NYP Holdings, Inc., 51 F.Supp. 2d 309, 312 (S.D.N.Y. 1999) ("The copyright in a

---

[2] Plaintiff's copyright registration reads, "Copyright Office notes: Regarding limitation of claim: Deposit contains some preexisting quotations from a variety of sources." (AC Ex. E.) Plaintiff's contention that Copyright Office personnel did not explain adequately this limitation to him, AC ¶ 16, is irrelevant for the purposes of this motion.

compilation…is 'thin' and extends only to the particular and precise selection and arrangement of the uncopyrightable facts. . . . The mere fact that some photographs appeared in both the Book and the Article is not sufficient to prove improper appropriation.")  Plaintiff's contention that the "conceptual core" of the Defendants' book impermissibly draws from his copyrighted material, AC ¶ 16, is without merit because the ideas of featuring notable women and their words are not copyrightable.  Plaintiff's additional contention that one of the illustrations on She Persisted's cover is of a "youthful[]" Harriet Tubman (Docket entry no. 20, Opp. MTD at 4) is irrelevant to the Court's analysis because, even if true, it would simply be a portrayal of an historical figure who is also mentioned in the Plaintiff's work, appropriating none of its protected expression.

      Finally, the total look and feel of the works is entirely different.  The Quotable Questionnaire and its accompanying source list are formatted as a quiz, in plain text on a plain background, and include no additional facts or information about the people listed.  She Persisted, in contrast, has a more complex arrangement of elements.  The Defendants' book relies heavily on illustrations to supplement the text, and includes background biographical information about each historical figure in addition to the selected quotation.  Although other parts of the Plaintiff's book are illustrated, the illustrations provided to the Court depict different subject matter, such as ships at sea, a school bus, people waving, reptiles, and an erupting volcano, and do not appear to supplement the Quotable Questionnaire.  (FAC, Ex. G.)  Furthermore, She Persisted bookends the thirteen figures with a "focus[] on a new generation of girls" and encourages them to pursue "dreams of their own." (MTD, at 4.)  Based on the portions of the Plaintiff's work provided, the Court concludes that the Quotable Questionnaire and other elements of his work do not share similar design and literary elements with She Persisted, nor are the elements of the two works arranged in a similar fashion.

For all of the foregoing reasons Plaintiff has failed, as a matter of law, to state a copyright infringement claim upon which relief may be granted.

Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are "highly disfavored." Lee v. E*Trade Financial Corp., 2013 WL 4016220, at *7. Plaintiff brings this motion on the grounds that the Defendants' reply brief is "strife with false misrepresentations, deliberately misleading argument characterization and factual error/s" (MTS, at 1), but his basis for such characterization is unclear. The Court, having reviewed the reply brief, finds that there is "nothing whatsoever improper" about its content, as it "provide[s] relevant arguments responsive to [Plaintiff's] claims and [his] opposition brief." See id.

## CONCLUSION

Defendants' motion to dismiss the Amended Complaint is granted. Plaintiff's motion to strike the reply brief is denied. This Memorandum Opinion and Order resolves docket entry nos. 11 and 23. The Clerk of the Court is directed to enter judgment dismissing the Amended Complaint and close the case.

SO ORDERED.

Dated: New York, New York
April 19, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed To:

Christopher James Kimberley
28 Shawmut Street
Concord, NH 03301